OPINION of the Court.
Kirkpatrick 0. J.
This is an action of trover and conversion for a stage-waggon and harness, and the case upon the trial appears to be this:
Thomson the defendant, had sold the waggon and harness to one Isaac Kay, on the 9th of August 1817, and for the price thereof had received certain promissory notes, payable at stated periods, with approved endorsers. Kay, two or three weeks after this, sold one half of the same to Cook, the plaintiff, for 100 dollars, to be paid in four equal payments of 25 dollars each, under a special agreement, moreover, entered into between them at the time of the sale, that Cook should have the sole and exclusive possession and control of the same, together with the horses, (of *670 which Kay'was to find one and Cook the other) to be used as • a public stage, and that the net profits thereof, should be equally divided between them; and the possession of the said stage and harness were thereupon by the said Kay, immediately delivered over to the said Cook, who paid the first payment of the purchase money, and afterwards regularly paid over the one half of the net proceeds of the said establishment, until the 0th of December 1817, when Kay, in the night-time, and without his knowledge or consent, took the said waggon and harness out of his enclosure where it was usually kept, and sold it to Thomson, the defendant, he at the same time being well apprised of the sale of the one half thereof to the said Cook as aforesaid, and of the bargain as to the mode in which it was to be possessed and used. And the question is, whether, upon this case, an action of trover will lie.
The objection is, that one joint-tenant or tenant in common, cannot maintain trover against his có-tenant.
And it is in the general true, that if two persons be owners of a personal chattel, one of them cannot maintain trover therefor, singly, even against a stranger, and much less against his partner, for the possession is joint. But in this case, though the ultimate right, after the last sale may have belonged to Thomson *and Cook jointly, yet Cook, by, the previous contract with Kay, had a special property subject to that ultimate right, which neither Kay nor Thomson could at pleasure defeat, and he had also an exclusive possession under that special property, which could lawfully be invaded by neither. If it should be said, there was no time fixed by the contract for the continuance of this special property and this exclusive possession which Cook was to have and exercise in these chattels, the answer is, that the contract in this respect was for the benefit of Cook, and it could be therefore, terminated against him, only upon his failure of performance on his part.
Let the judgment therefore be affirmed.